UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:19-CV-00152-HBB

**GEORGE BLACK**                                                                                                    **PLAINTIFF**

**VS.**

**ANDREW SAUL, COMMISSIONER**
**SOCIAL SECURITY ADMINISTRATION**                                                      **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of George Black ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g).  Both the Plaintiff (DN 12) and Defendant (DN 16) have filed a Fact and Law Summary.  For the reasons that follow, the final decision of the Commissioner is **AFFIRMED,** and judgment is **GRANTED** for the Commissioner.

Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 9).  By Order entered February 25, 2020 (DN 10), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted.  No such request was filed.

FINDINGS OF FACT

On April 30, 2016, Plaintiff filed applications for Disability Insurance Benefits (Title II) and Supplemental Security Income (Title XVI) (Tr. 15, 197-99, 200-06, 207-14). Plaintiff alleged that he became disabled on March 5, 2016, as a result of chronic back pain, atrial fibrillation, diabetes, hypertension, lumbar fusion in the lower back, and bulging disc (Tr. 15, 232). Administrative Law Judge David Peeples ("ALJ") conducted a video hearing from Paducah, Kentucky (Tr. 15, 31-33). Plaintiff and his attorney, Sarah Martin-Diaz, participated from Madisonville, Kentucky (Id.). Theresa Wolford, an impartial vocational expert, also testified during the hearing (Id.).

In a decision dated October 22, 2018, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 15-25). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since March 5, 2016, the alleged onset date (Tr. 18).

At the second step, the ALJ determined that Plaintiff has the following severe impairments: atrial fibrillation, fusion of the lower back, bulging disc, and obesity (Tr. 18). Although Plaintiff's hypertension and diabetes did not cause more than minimal limitations in his ability to perform work, the ALJ indicated the potential impact that these conditions have on Plaintiff's atrial fibrillation had been accounted in formulating Plaintiff's residual functional capacity (RFC) (Id.). The ALJ noted that Plaintiff has not alleged functional limitations stemming from his right shoulder condition[1] (Id.). Nonetheless, in consideration of Plaintiff being right-handed, and as a

---

1 The MRI of Plaintiff's right shoulder in 2012 showed mild to moderate supraspinatus tendinosis with moderate to marked bicipital tendinosis, resulting in degenerative change in the acromioclavicular (AC) joint which resulted in

precautionary measure, the RFC limited Plaintiff to frequent overhead reaching with his right upper extremity (Id.). Additionally, the ALJ found that Plaintiff's medically determinable mental impairment of depression is non-severe because it did not cause more than minimal limitation in Plaintiff's ability to perform basic mental work activities (Tr. 18-19).

At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 19). Additionally, the ALJ specifically discussed why he found Plaintiff did not satisfy Listing 1.04 disorders of the spine, Listing 4.04 ischemic heart disease, and Listing 4.05 recurrent arrhythmias (Tr. 19-20).

The ALJ found that Plaintiff has the residual functional capacity to perform a range of light work because he can occasionally climb ramps and stairs; he can never climb ladders, ropes, and scaffolds; he can occasionally balance; he can stoop, kneel, and crouch occasionally; he can never crawl; and he can frequently reach overhead with his right upper extremity, which is his dominant side (Tr. 20). At the fourth step, the ALJ relied on testimony from the vocational expert to find that Plaintiff can perform his past relevant work as a production manager (Tr. 23-24). The ALJ explained that the work does not require the performance of work-related activities precluded by Plaintiff's RFC (Id.). The ALJ also relied on testimony from the vocational expert to make alternative findings for step five (Id.). He concluded that there are other jobs existing in the national economy that Plaintiff is able to perform (Id.). Therefore, the ALJ concluded that

---

impingement of the musculotendinous junction of the supraspinatus muscle (Tr. 18 citing Tr. 319).

Plaintiff has not been under a "disability," as defined in the Social Security Act, from March 5, 2016, through the date of the decision (Tr. 24).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 196). The Appeals Council denied Plaintiff's request for review (Tr. 1-3).

## CONCLUSIONS OF LAW

### Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the ALJ's decision and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. §

405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

### The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

>   4) Does the claimant have the residual functional capacity to return to his or her past relevant work?
>
>   5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fourth step.

Finding No. 5

1. Arguments of the Parties

Plaintiff raises two challenges to the ALJ's RFC assessment in Finding No. 5 (DN 12 PageID # 1242, 1246-48, 1248-50). First, he argues there was not substantial evidence to support the ALJ's RFC determination that Plaintiff could perform light work with his history of a lower back fusion and ongoing positive objective findings upon examination (Id. PageID # 1242, 1246-48). Next, Plaintiff takes issue with the ALJ's assignment of weight to the medical opinions of Dr. Farmer, a treating source, and Dr. Donna Sadler, a non-examining state agency physician (Id. PageID # 1242, 1248-50).

Defendant asserts that substantial evidence supports the RFC findings concerning limitations imposed by Plaintiff's lower back condition (DN 16 PageID # 1263-65). Defendant contends the ALJ extensively considered the medical findings from various examinations, clinical testing, imaging, and treatment methods concerning Plaintiff's lower back condition (Id.). Defendant argues that the weight assigned to the medical opinions of Drs. Farmer and Sadler are supported by substantial evidence in the record and comply with applicable law (DN 16 PageID # 1265-67).

2. Discussion

The residual functional capacity finding is the Administrative Law Judge's ultimate determination of what a claimant can still do despite his physical and mental limitations. 20 C.F.R. §§ 404.1545(a), 404.1546(c), 416.945(a), 416.946(c). The Administrative Law Judge makes this finding based on a consideration of medical source statements and all other evidence in the case record. 20 C.F.R. §§ 404.1529, 404.1545(a)(3), 404.1546(c), 416.929, 416.945(a), 416.946(c). Thus, in making the residual functional capacity finding the Administrative Law Judge must necessarily assign weight to the medical source statements in the record and assess the claimant's subjective allegations. 20 C.F.R. §§ 404.1527(c), 404.1529(a), 416.927(c), 416.929(a).

As Plaintiff filed his applications prior to March 27, 2017, the rules in 20 C.F.R. §§ 404.1527 and 416.927 apply to the ALJ's assignment of weight to the medical opinions in the record. The process of assigning weight to medical opinions in the record begins with a determination whether to assign controlling weight to the medical opinion of a treating source. 20 C.F.R. §§ 404.1527(c); 416.927(c). A treating-source opinion must be given "controlling weight" if two conditions are met: (1) the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) the opinion "is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); Gayheart v. Comm'r of Soc. Sec., 710 F.3d 365, 376 (6th Cir. 2013). If controlling weight is not assigned to the treating source's opinion, the Administrative Law Judge must consider the factors in paragraphs (c)(1)-(6) of the regulations in deciding how much weight to accord each medical

opinion in the record, including the medical opinion from the treating source. 20 C.F.R. §§ 404.1527(c); 416.927(c); Gayheart, 710 F.3d at 376.

The ALJ provided a thorough summary of the medical evidence concerning Plaintiff's lumbar back condition and identified the specific pages in the record where the evidence is located (Tr. 21-22). The ALJ's summary included the results of objective testing such as the MRI and CT scans in 2016, the result of a nerve root block injection in May 2016, pain medication taken by Plaintiff, Plaintiff's statements to treating sources concerning his condition, and the results of examinations (Tr. 21-22, 318, 560, 567, 593). The ALJ noted that from 2016 to 2018, Plaintiff's statements to treating sources indicated his pain levels gradually improved to a manageable level and examinations revealed the range of motion in his back improved from 30 degrees to 80 degrees (Tr. 21-22, 563,1047, 1048). The ALJ also noted that Plaintiff's condition remained non-surgical, he received conservative treatment involving medication, and was being evaluated for a spinal cord stimulator (Tr. 21-22, 1178). The ALJ relied on all this evidence to conclude that the level of impairment alleged by Plaintiff was not supported by the evidence, but instead suggested Plaintiff can perform a range of light work with certain precautionary measures to prevent further exacerbation (Tr. 22). Specifically, Plaintiff should only occasionally climb ramps and stairs; never climb ladders, ropes, and scaffolds; occasionally balance; occasionally stoop, kneel, and crouch; and never crawl (Id.).

In reaching the above conclusion, the ALJ considered and assigned weight to opinions that Plaintiff's primary care physician, Dr. Farmer, expressed in July 2016 and May 2018 (Tr. 22, 1046, 1178-79). In a letter dated July 4, 2016, Dr. Farmer indicated although Plaintiff suffers from a variety of conditions, his back condition causes the most limitation and despite conservative

8

treatment he continues to suffer from debilitating pain and limitations daily (Tr. 1046). In pertinent part Dr. Farmer's letter reads:

> As a result of his multiple conditions, he is no longer able to sustain full-time work. In fact, I am currently holding him off from work. Were he to attempt working an 8 hour workday, even in a sedentary position, he will require multiple unpredictable breaks to either lie down or reclining [sic]. These breaks would take place on an as-needed basis and would take up to at least 2 hours of the workday. Essentially, for 30 minutes that he is working in even in a sedentary job, he would need 30 minutes to lie down or recline in order to alleviate his significant pain. Additionally, he experiences good and bad days with his back. On his bad days he would not be able to make it to work at all. This would occur at least weekly.
>
> Because of these limitations, in my opinion, he is no longer able to work. He has been a credible patient who is compliant with recommended therapies.

(Id.).

In a letter dated May 25, 2018, Dr. Farmer opined similar but more restrictive limitations (Tr. 1178-79). For example, Dr. Farmer indicated Plaintiff would need to lie down or recline at least one-third of an eight-hour workday (Tr. 1178).

The ALJ gave little weight to Dr. Farmer's opinions because they were not well supported by the evidence (Tr. 22). In support of his conclusion, the ALJ cited the lack of significant abnormalities in the imaging tests, combined with the recent improvement in Plaintiff's pain symptoms due to medication, and Plaintiff's improved range of motion (Id.). The ALJ's explanation, albeit brief, provides enough information to conclude that Dr. Farmer's opinions did not receive controlling weight because they lacked support by medically acceptable clinical and laboratory diagnostic techniques, and they were inconsistent with other substantial evidence in the case record. 20 C.F.R. §§ 404.1527(c), 416.927(c). Further, in assigning little weight to the

opinions, the ALJ considered the treating relationship, consistency, lack of specialization, and other factors. 20 C.F.R. §§ 404.1527(c)(2)-(6), 416.927(c)(2)-(6). The Court concludes that the ALJ's findings are supported by substantial evidence in the record and comport with applicable law.

The ALJ also considered and assigned weight to the opinions of the non-examining state agency medical consultants, Drs. Sadler and Davidson (Tr. 22). The ALJ noted that Drs. Sadler and Davidson opined that Plaintiff was able to perform a range of light work with occasional climbing of ramps, stairs, ladders, ropes, and scaffolds; occasional balancing; and occasional stooping, kneeling, crouching and crawling (Tr. 22, 78-87, 88-97, 102-12, 113-23). The ALJ gave some weight to these opinions because the evidence supported a finding that Plaintiff can perform a light range of work (Tr. 22). However, in acknowledgment of Plaintiff's reports of continued (although less severe) back pain, the ALJ found additional limitations were appropriate (Id.). Specifically, the ALJ concluded that Plaintiff should never climb ladders, ropes, and scaffolds and should never crawl (Tr. 22). The Court concludes that the ALJ's findings are supported by substantial evidence in the record and comport with applicable law.

Contrary to Plaintiff's assertions, substantial evidence in the record supports the ALJ's assignment of weight to the opinions of Drs. Farmer, Sadler, and Davidson. Moreover, substantial evidence in the record supports the be physical limitation expressed in the ALJ's RFC assessment. Thus, Plaintiff's challenges to the RFC are without merit.

Finding No. 6

1. Arguments of the Parties

Plaintiff asserts there was not substantial evidence supporting the ALJ's step five determination that Plaintiff could perform his past relevant work as a production manager and three other jobs that exist in the national economy (DN 12 PageID # 1242, 1250-51). Relying on job information on ONET, Plaintiff argues the vocational expert's testimony does not constitute substantial evidence because his opinions are based on obsolete job information in the Dictionary of Occupational Titles (DOT) (Id.).

Defendant asserts that substantial evidence supports the ALJ's finding that Plaintiff could perform his past relevant work (DN 16 PageID # 1267-74). Defendant contends that Plaintiff forfeits his obsolescence argument by failing to cross-examine the vocational expert about the job information in the DOT (Id.).

2. Discussion

At the fourth step in the sequential evaluation process, the Administrative Law Judge makes findings regarding the claimant's ability to return to the past relevant work. *See* 20 C.F.R. §§ 404.1520(f), 416.920(f). The relevant inquiry is whether the claimant can return to his past type of work rather than just his past job. Studaway v. Sec'y of Health & Human Servs., 815 F.2d 1074, 1076 (6th Cir. 1987).

During the administrative hearing, the vocational expert classified Plaintiff's three past relevant jobs (Tr. 72). One of those jobs is production manager, DOT code number 183.117-014 (Id.). The vocational expert testified that the job is generally performed at the light exertional level, but Plaintiff performed it at the medium exertional level (Tr. 72). In response to the ALJ's

first hypothetical question, the vocational expert opined that Plaintiff could perform the production manager job as generally performed, but not as performed by Plaintiff (Tr. 72-73). Additionally, the vocational expert testified that Plaintiff could perform other jobs existing in the national economy such as routing clerk, DOT code 222.687-022; folding machine operator, DOT code 208.685-014; and cafeteria attendant, DOT code 311.677-010 (Tr. 73). Plaintiff cross-examined the vocational expert about the impact additional limitations would have on his ability to perform those jobs (Tr. 74-75).

At the fourth step, the ALJ relied on the vocational expert's testimony to find that Plaintiff has the RFC to perform his past relevant work as a production manager, as the job is generally performed (Tr. 23-24). The ALJ also relied on the vocational expert's testimony to make alternative findings at the fifth step (Id.). Specifically, the ALJ concluded there are other jobs existing in the national economy that Plaintiff can perform, given his RFC, age, education, and past work experience. (Id.).

Moving to Plaintiff's obsolescence argument. The Sixth Circuit, albeit in an unpublished opinion, previously cautioned that "*common sense dictates*" when job descriptions in the DOT "appear obsolete, a more recent source of information should be consulted." Cunningham v. Astrue, 360 F. App'x 606, 615 (6th Cir. 2010) (emphasis added). Several district courts in the Sixth Circuit followed Cunningham and remanded matters to the Commissioner when the vocational expert's reliance on potentially obsolete job descriptions from the DOT raised sufficient doubt whether substantial evidence supported the ALJ's determination at the fifth step. *See e.g.* Wright v. Berryhill, No. 4:18-CV-00021, 2019 WL 498855, at \*9 (W.D. Ky. Feb. 8, 2019); Westmoreland v. Berryhill, No. 3:17-cv-00096, 2018 WL 1522118, at \*4 (S.D. Ohio Mar. 28,

2018); Rollston v. Comm'r of Soc. Sec., No. 1:16-CV-168, 2016 WL 6436676, at *4 (W.D. Mich. Nov. 1, 2016). Other district courts within the Sixth Circuit criticized Cunningham's reasoning and declined to follow its holding. See e.g. Kidd v. Berryhill, No. 5:17-CV-420-REW, 2018 WL 3040894, at *7-10 (E.D. Ky. June 19, 2018); Montano v. Comm'r of Soc. Sec., No. 1:13-cv-70, 2014 WL 585363, at *15 (S.D. Ohio Feb. 14, 2014); Belew v. Astrue, No. 2:11-107-DCR, 2012 WL 3027114, at *9-10 (E.D. Ky. July 24, 2012).

In a recently issued unpublished order, the Sixth Circuit attempted to resolve the apparent confusion among some of the district courts. O'Neal v. Comm'r of Soc. Sec., 799 F. App'x 313, 316-18 (6th Cir. 2020). Because the regulations continue to recognize the DOT as a source of reliable information and the claimant did not to cross-examine the vocational expert about the DOT job descriptions when he had the opportunity, the Sixth Circuit held the vocational expert's testimony constitutes substantial evidence to support the ALJ's finding that the claimant was able to perform work that existed in significant numbers in the national economy. Id.

Applying the holding in O'Neal to the circumstances before the Court, Plaintiff did cross-examine the vocational expert. But Plaintiff failed to cross-examine the vocational expert about the obsolescence of the DOT's descriptions for those four jobs. Considering the holding in O'Neal, the vocational expert's testimony constitutes substantial evidence to support ALJ's finding that Plaintiff is able to perform his past relevant work as generally performed, not as Plaintiff performed that job. For the same reason, the ALJ's alternative findings at the fifth step are also supported by substantial evidence.

## ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that judgment is **GRANTED** for the Commissioner.

August 18, 2020

H. Brent Brennenstuhl
United States Magistrate Judge

Copies:   Counsel